**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**
*ex rel.*

**JOHN TIMSON,**                                                    Case No. 8:06-cv-1544-T-27TBM

        **Relator,**

**v.**

**SOPHIA M. SAMPSON, et al.,**

        **Defendants.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on **Plaintiff United States' Motion to Dismiss Complaint Without Prejudice** (Doc. 10). By its motion, Plaintiff United States (hereinafter the "Government") seeks an order dismissing the case based on the *pro se* Relator's inability to represent the United States adequately in this action.[1] *Pro se* Relator John Timson (hereinafter "Timson" or "Relator") filed a response in opposition and request for oral arguments (Doc. 26). A status conference was conducted on April 17, 2007. For reasons set forth below, I recommend that the court grant the motion and dismiss the case without prejudice.

---

[1] The Government also seeks a stay of all proceedings and deadlines pending resolution of the instant motion to dismiss. By separate Order (Doc. 45), the undersigned granted this request and temporarily stayed the proceedings pending further order of the court.

In August 2006, the Relator filed a *qui tam* complaint alleging a violation of the False Claims Act, 31 U.S.C. §§ 3729-3733, and individual claims against certain employees of St. Vincent De Paul of South Pinellas, Inc., *dba* The Center of Hope (hereinafter "COH"), along with two employees of the VA Medical Center, Bay Pines, Florida, and "unknown and unnamed Defendants." (Doc. S-1). In essence, the Relator alleged that Defendants connected with the COH made false claims or representations in a grant application to the Department of Veterans Affairs and thereafter defrauded the government of millions of dollars in connection with the operation of COH. Additionally, the Plaintiff initiated an individual claim for fees, costs, and wages he claims he lost by reason of the fraud, and a third claim was brought seeking to have the VA employees terminated for their misconduct. Id. On February 14, 2007, the United States declined to intervene. See (Doc. 2).

On February 20, 2007, Timson filed an amended complaint (Doc. 5). By this complaint, Timson appears to assert six counts of violations of the False Claims Act as against the original Defendants and additional individuals associated with or formerly associated with the United States Department of Veterans Affairs and employees of the Bay Pines Medical Center. Additionally, Plaintiff seeks individual damages against certain of the Defendants, claiming that he was defrauded and ultimately defamed in retaliation for his whistle-blowing.

By the instant motion, the United States seeks to dismiss the action without prejudice on the grounds that Timson is, as a matter of law, an inappropriate party to represent its interests in this suit and is otherwise unqualified to do so. It notes that on four occasions it has sent written correspondence to Timson urging him to obtain counsel, and yet, Timson has

2

failed to do so. Mr. Timson maintains that it is his natural right to proceed in his own behalf and in keeping with history of self-representation in this country, the Constitution, and the False Claims Act itself, and he should be permitted to proceed with the litigation despite his lack of formal legal training.

In a False Claims Act action, the United States remains at all times the "real party in interest," even if the United States declines to intervene. U.S. *ex rel.* Stronstorff v. Blake Med. Ctr., No. 8:01-cv-844-T-23MSS, 2003 WL 21004734, at *1 (M.D. Fla. Feb. 13, 2003). Although a *qui tam* relator is entitled by statute to a share of the recovery if his action is successful, see 31 U.S.C. § 3730(d), the act does not authorize a *pro se* litigant to prosecute the claims on behalf of the United States. This prohibition is consistent with the general procedures of the federal courts and of this district court: While a lay person may represent himself in federal court litigation, only licensed counsel may represent another person or entity in proceedings before the court. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct *their own cases* personally or by counsel.") (emphasis added); M.D. Fla. R 2.01(a) ("No person shall be permitted to appear or be heard as counsel for another in any proceeding in this Court unless first admitted to the practice in this Court pursuant to this rule."). A *pro se* litigant's lack of formal legal training is of a particular concern in *qui tam* actions, given the interests of the United States that are at stake, the complexity of issues often raised in false claims actions, the resources necessary to prosecute such actions effectively, and the exposure of the Government to risk in terms of *res judicata* and collateral estoppel.

In support of his position that he should be allowed to proceed as the Relator in this action, Timson cites to U.S. *ex rel.* Trice v. Westinghouse Elec. Corp, No. 96-CS-171-WFN, 2000 WL 34024248, at *11 (E.D. Wash. Mar. 1, 2000).  There, the district court permitted the relator to proceed *pro se*, reasoning that the United States effectively assigns the fraud claim to the private litigant when it declines to intervene.  However, the decisions of other district courts are not binding on this court, and in any event, the case appears to represent a distinct minority view.  Absent any controlling precedent from the Supreme Court or the Eleventh Circuit, this court finds persuasive the numerous decisions by other circuit courts of appeals and district courts holding that a *pro se* relator may not prosecute False Claims Act claims after the United States declines to intervene.[2]  Despite his earnestness for the cause, Mr. Timson is an inappropriate and unqualified person to prosecute this case on behalf of the Government.

---

[2]See, e.g., U.S. *ex rel.* Brooks v. Martin, No. 06-1522, 2007 WL 627372, at *1 (4th Cir. Feb. 23, 2007); U.S. *ex rel.* Lu v. Ou, 368 F.3d 773, 775-76 (7th Cir. 2004); U.S. *ex rel.* Rogers v. County of Sacramento, No. S-03-1658 LKK DAD PS, 2006 WL 1748415, at *2 (E.D. Cal. June 23, 2006); U.S. *ex rel.* Mergent Servs. v. Flaherty, No. 05 Civ.4921(HB), 2006 WL 880044, at *1 (S.D.N.Y. Apr. 6, 2006), U.S. *ex rel.* Fisher v. Network Software Assocs., 377 F. Supp. 2d 195, 196-97 (D.D.C. 2005); U.S. *ex rel.* Rockefeller v. Westinghouse Elec. Co., 274 F. Supp. 2d 10, 12, 16 (D.D.C. 2003); U.S. *ex rel.* Stronstorff v. Blake Med. Ctr., No. 8:01-cv-844-T-23MSS, 2003 WL 21004734, at *1 (M.D. Fla. Feb. 13, 2003); U.S. *ex rel.* Schwartz v. TRW, Inc., 118 F. Supp. 2d 991, 994-96 (C.D. Cal. 2000); U.S. *ex rel.* Tyler v. California, Case No. S-98-2130 GEB JFM, 1999 WL 33456979, at *1-2 (E.D. Cal. Sept. 24, 1999).

Accordingly, it is RECOMMENDED that the court **GRANT** the **Plaintiff United States' Motion to Dismiss Complaint Without Prejudice** (Doc. 10), deny as moot all other pending motions, and direct the Clerk to close the case.

Respectfully submitted on this
30th day of April 2007.

_____
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; see also Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable James D. Whittemore, United States District Judge
Pro se Plaintiff
Counsel of Record