UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES,

    Plaintiff,

*ex rel.*

JOHN TIMSON,

    Relator,

                               CASE NO: 8:06-CV-1544-T-27TBM

v.

SOPHIA SAMPSON, *et al.*,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation submitted by the Magistrate Judge recommending that Plaintiff United States' Motion to Dismiss Complaint without Prejudice (Dkt. 10) be granted (Dkt. 46). *Pro Se* Relator John Timson has filed objections to the Report and Recommendation (Dkt. 47).

### *Standard*

The District Court is required to "make a *de novo* determination of those portions of the magistrate's report or . . . recommendation to which objection is made." 28 U.S.C. § 636(b)(1). The District Court may "accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C).

### *Discussion*

The factual and procedural background are fully set forth in the Report and Recommendation. The United States has moved to dismiss the Relator's action based on the inability of the Relator to

1

adequately represent the interests of the United States in this False Claims Act suit. The Magistrate Judge concluded, in line with the clear weight of authority on this issue, that the Relator may not maintain a False Claims Act suit as a *pro se* party. *See e.g., United States ex rel. Stronstorff v. Blake Med. Cent.*, No. 8:01-cv-8442003 WL 21004734, *2 (M.D. Fla. Feb. 13, 2003). This conclusion rests on the well-established principle that a lay person is entitled to represent only himself, not another legal entity, such as the United States. Indeed, the United States would face claim and issue preclusion were the Relator to proceed with this litigation. *See United States ex rel. Rogers v. County of Sacramento*, No. S-03-1658, 2006 WL 1748415 *2 (E.D. Cal. June 23, 2006).

The Relator has objected to the Magistrate's recommendation, urging this Court to follow *United States ex rel. Trice v. Westinghouse Elec. Corp.*, in which the district court permitted the relator to proceed *pro se*. *See* No. 96-cs-171, 2000 WL 34024248 *11 (E.D. Wash. Mar. 1, 2000). This Court agrees with the Magistrate Judge in his rejection of the reasoning that the United States effectively assigns the fraud claim to the private litigant when it declines to intervene.

In his Second Amended Complaint, the Relator does allege two individual claims for relief: retaliatory eviction (Count 7) and slander (Count 8), both of which are Florida state law claims. (Dkt. 5, ¶¶ 98-101). Neither the Government nor the Relator address the dismissal of these individual state law claims. *Cf. United States ex rel. Mergent Services v. Flaherty*, No. 05-cv-4921, 2006 WL 880044 (S.D.N.Y. Apr. 6, 2006) (addressing whether *pro se* relator had adequately stated individual claims). This Court is, however, bound to *sua sponte* consider its subject matter jurisdiction. *See Burr & Forman v. Blair*, 470 F.3d 1019, 1035 n. 38 (11th Cir. 2006). Although Relator has alleged amounts that facially meet the $75,000 amount in controversy requirement (Dkt. 5 ¶¶ 99, 101) for diversity jurisdiction, it does not appear from the Second Amended Complaint that Count 7 and Count 8 are against diverse citizens. The claims are pled against Defendants Sophia

M. Sampson and Mary Jo Nelson, who are alleged to be residents of Florida, as is the Relator. (Dkt. 5, ¶¶ 3, 4, 7). Accordingly, this Court does not possess an independent basis for the exercise of jurisdiction pursuant to 28 U.S.C. § 1331 or 28 U.S.C. § 1332. Because the Court has dismissed the federal claims over which it has original jurisdiction, the Court declines to retain supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Pijnenburg v. W. Ga. Health Sys., Inc.*, 255 F.3d 1304, 1308 (11th Cir. 2001).

## *Conclusion*

After careful consideration of Report and Recommendation and the Relator's objections, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects, as modified herein. Accordingly, it is **ORDERED AND ADJUDGED** that:

1) The Report and Recommendation (Dkt. 46) is adopted, confirmed, and approved in all respects, as modified herein, and is made a part of this order for all purposes, including appellate review.

2) Plaintiff United States' Motion to Dismiss Complaint without Prejudice (Dkt. 10) is **GRANTED**.

3) All pending motions are **DENIED** as moot.

4) The Clerk is directed to close this case.

**DONE AND ORDERED** in Tampa, Florida, on this 17th day of May, 2007.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
Unrepresented parties